GEORGE MITCHELSON v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

February 3, 1897.

Nos. 10,383—(242).

**Customs Duties—Entry of Goods—Duties of Carrier.**
> Plaintiff's agents in the province of Quebec were instructed by him to ship certain merchandise to St. Paul, Minn.   Under their direction their clerk made out triplicate invoices, a declaration to be presented to the United States consul, and a consular certificate.   The declaration and the certificate contained a statement that it was the intention to enter the goods at the port of Sault Ste. Marie, which port was on defendant's line of road. The invoice contained a statement that they were to be consigned for entry at that port to one Finch, who was defendant's agent at the same place, and also showed that it was in triplicate.   The bill of lading specified that goods going to or coming from the United States were subject to customs charges.   The invoice, the declaration, the consular certificate, and the bill came into the agent's hands when the goods reached Sault Ste. Marie, and the customhouse officials took possession.   Held, that defendant's agent was warranted in entering the goods as for "immediate consumption," and in paying the duty fixed by these officials, and that it was not his duty to enter them for "transportation" to St. Paul, another port of entry.

Action in the district court for Ramsey county for recovery of possession of three bales of tobacco.   The case was tried before Willis, J., who directed a verdict in favor of defendant.   From an order denying a motion for a new trial, plaintiff appealed.   Affirmed.

*L. T. Storey*, for appellant.

*Munn, Boyesen & Thygeson*, for respondent.

COLLINS, J.   S. Davis & Sons, of Montreal, province of Quebec, had in their possession three bales of Havana leaf tobacco, the prop-

1 Reported in 69 N. W. 1106.

erty of this plaintiff, and from him received orders to ship the same to St. Paul. One of their clerks prepared the necessary invoice and declaration to be presented to the American consul at Montreal in order to obtain a consular certificate. The invoice, made in tripli- cate, as appeared therefrom, purported to be of three bales of Ha- vana leaf tobacco, to be transported on the Canadian Pacific Rail- way to the customhouse at Sault Ste. Marie, consigned to R. B. Finch, to be by him entered there, and then transported to St. Paul, consigned to plaintiff. Finch was defendant's agent at Sault Ste. Marie. In the declaration, signed by one of the firm of S. Davis & Sons, was a statement of intention to make entry of the tobacco at Sault Ste. Marie, and in the consular certificate, which was pre- pared ready for the consul's signature by the same clerk, was a like statement. The goods were then addressed to plaintiff at St. Paul, and delivered to the Canadian Pacific Railway Company, which is- sued its bill of lading in which was a condition that all goods going to or coming from the United States were subject to customs charges.

The declaration, with the attached invoice, the consular certificate, and the bill of lading, were then forwarded with the goods to Mr. Finch at Sault Ste. Marie, and, with all other merchandise in the same car, passed into the hands of the deputy collector of customs. Mr. Finch then made entry of the goods as "filler tobacco," and as for "immediate consumption," and paid a duty thereon of 35 cents per pound. On examination the authorities classified and declared it to be "wrapper tobacco," and compelled Finch to pay duty at the rate of $1.50 per pound. He then shipped the goods over defend- ant's railway line to St. Paul. Upon plaintiff's presentation of the bill of lading and tender of the freight charges, defendant demanded payment of the amount advanced at the customhouse for duty, and plaintiff then brought this action.

Sault Ste. Marie is a port at which merchandise may be entered for immediate transportation to other ports of entry, and without payment of duties. 25 Stat. 667. Such entries are pro forma, and involve no ascertainment or liquidation of duties, these questions being reserved for determination at the port of ultimate destination. St. Paul is one of the ports of entry to which merchandise may be transported without prior appraisement or payment. 21 Stat. 173. Had Finch entered this tobacco at Sault Ste. Marie for transporta-

tion to St. Paul, instead of for immediate consumption, all questions as to classification, whether it was "filler," on which the duty was 35 cents per pound, or "wrapper," upon which the duty is $1.50 per pound, and the ascertainment and payment of the amount due as customs charges would have been at the port of St. Paul; and, in case of dissatisfaction at the decision of the collector at St. Paul, plaintiff could have filed a protest, and taken issue, whereupon the matter would have first been decided by general appraisers, and from their determination removed by appeal to the federal courts. As the entry as made was at a port remote from that of St. Paul, the ultimate destination of the merchandise, plaintiff has practically been deprived of an opportunity to protest, and thus to secure a decision by the appraisers or by the courts as to the class in which this tobacco properly belonged.

It is the contention of plaintiff's counsel that it was the duty of defendant's agent, Finch, to enter the tobacco for "transportation" to the port of St. Paul, and that the entry actually made, "for immediate consumption," which necessitated the payment of customs charges, was wholly unauthorized; and for this reason defendant has no lien upon the goods for the amount so paid. If it was the duty of the agent to make the entry in the manner contended for by counsel, and the entry made was a violation or disregard of this duty, the position would seem to be well taken, and the claim for a lien unsustainable.

But we have called attention to the fact that plaintiff's agents at Montreal caused their clerk to make triplicate invoices of the goods in question, and to prepare the declaration to be made to the consul, as well as the consular certificate. In the declaration and in the certificate was a statement of the intention to make entry of this tobacco at the port of Sault Ste. Marie. An invoice, which showed that it was made in triplicate, the declaration, and the consular certificate were attached to the bill of lading, and all passed into the hands of Finch, to whom the goods were consigned for entry, defendant's agent at the port last mentioned. There was express authority to make entry at this port, and no restriction as to the kind of entry,—no instruction that it should be "for transportation" to the port of St. Paul, unless it was to be inferred from the fact that the goods were destined to that place. Probably it might be held,

under such circumstances, that Finch had a discretion in the matter, and might exercise it when executing the agency; and, if he acted in good faith, plaintiff, as his principal, could not complain; but this decision need not be placed upon that ground.   Laws U. S. 1890, c. 407, § 2,[2] provides that all invoices of imported merchandise shall be made in triplicate, or, in case the merchandise is intended for immediate transportation without appraisement, shall be made out in quadruplicate.   The kind of entry is thus to be determined at the place of shipment, and the invoice made out there.   If the invoices are in triplicate, one is preserved by the consul, one forwarded to the collector of customs at the port of entry, and one delivered to the consignor,—in this case, plaintiff's agent at Montreal.   If made out in quadruplicate, the consul preserves one, the consignor retains one, one is forwarded to the collector at the port of entry, and one to the collector at the port of destination.   The collector at the port of entry is then advised by the invoice as to what kind of an entry is intended to be made, and, if he receives a triplicate, as he did in the case at bar, his only duty is to appraise the goods, fix the amount to be paid as duty, and to retain custody until the amount is paid. In this case Finch received the triplicate invoice sent by Davis & Sons with the bill of lading, and the collector received another. There was no discretion to be exercised by either as to the form of entry, for it had been designated at Montreal, by the persons who, under plaintiff's instructions, shipped the goods to St. Paul.   If he had intended an entry for transportation, he should have so advised his representatives in Montreal.   For his omission so to do, and for the manner in which the tobacco was invoiced and billed, defendant cannot be held responsible.

The evidence would not have supported a verdict in plaintiff's favor, and therefore the court below was justified in directing a verdict against him.   While other points have been made by counsel, we have covered all which require discussion.

Order affirmed.

[2] 26 St. 131.